UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CARTEZ S. COLLINS #113790/453533          CIVIL ACTION NO. 20-cv-1321

VERSUS                                    JUDGE ELIZABETH E. FOOTE

CADDO PARISH CORRECTIONAL CENTER,         MAGISTRATE JUDGE HORNSBY
ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

Cartez S. Collins ("Plaintiff"), who is self-represented, filed this civil rights action against Caddo Parish Sheriff Steve Prator and five correctional officers based on alleged mistreatment while Plaintiff was housed at Caddo Correctional Center ("CCC"). Before the court is Defendants' Motion for Summary Judgment (Doc. 16) that asks for dismissal of all claims because (1) Plaintiff failed to exhaust administrative remedies, (2), Defendants are entitled to qualified immunity, and (3) the claims lack merit. Plaintiff has not filed any opposition to the motion. For the reasons that follow, it is recommended that the motion be granted and that all claims against all defendants be dismissed with prejudice.

**Returned Mail; Notice to Plaintiff**

Plaintiff was housed at CCC when he filed this civil action. He later filed a notice that his address had changed to the Tensas Parish Detention Center. Doc. 8. Several days after Defendants filed their motion for summary judgment, the court received two items of returned mail that had been mailed to Plaintiff at the Tensas Parish facility. They were marked "return to sender," with a note that the inmate was no longer at that facility.

The court issued an order (Doc. 4) earlier in the case that included a provision: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address." The parties were warned that: "Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." The order is consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court in writing of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

Although it is Plaintiff's obligation to keep the court informed of his current address, the court took the extra step of using the DOC inmate location service in an effort to obtain Plaintiff's current address. The service indicated that Plaintiff was (and still is) housed at the Dixon Correctional Institute. The court issued an order, which was mailed to Plaintiff both at his Tensas Parish address and Dixon Correctional Institute, that directed Plaintiff to immediately notify the court in writing to confirm his current address. He was told that, if he did so, the court would afford him a reasonable extension of time to respond to the pending motion for summary judgment. Plaintiff was warned that his case would be subject to dismissal if the court did not hear from him by September 9, 2021. The court also directed Defendants to mail a copy of their motion for summary judgment to Plaintiff at the Dixon Correctional Institute, and they filed a certificate of service (Doc. 21) indicating that they had done so. The September 9 deadline has passed, and the court has heard nothing from Plaintiff.

**Analysis**

Plaintiff alleged in his complaint that on August 12 and 13 2020, he was restrained for a shakedown of his CCC segregation cell. He alleged that he was singled out after a battery "magically appeared" inside his property, despite what Plaintiff alleges was his lack of access to such material. Plaintiff alleged that, after the search, Deputy Morris roughly pulled Plaintiff's restraints against his wrists and caused swelling that required medical attention. Plaintiff alleges that, once in the medical area, he was roughly picked up and thrown against a wall by Deputies Morris and Melvin, who then took turns slapping him in the face and punching him in the body. Some of the other defendants are alleged to have been in the area and to have taken pictures.

Defendants argue that Plaintiff did not exhaust his administrative remedies. They also challenge the merits of his claims and assert qualified immunity. The undersigned elects to address the merits. Deputy James Melvin and fellow Emergency Response Team member Deputy Reginald Morris offer statements made pursuant to 28 U.S.C. § 1746. The facts presented in the statements, made on personal knowledge, are competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003); Cooper v. Fisher, 676 Fed. Appx. 355, 357 (5th Cir. 2017); and Bey v. Prator, 2021 WL 3413316 (W.D. La. 2021).

Deputy Melvin states that he and Deputy Morris secured Plaintiff with handcuffs during a cell check for contraband. The search turned up a battery to an electronic tablet, which is prohibited because it can be an ignition source. After the search, the door to the cell was shut (with Plaintiff inside), and Plaintiff was supposed to allow his handcuffs to

be removed through the tray hatch. Melvin states that Plaintiff was angry and jerked away while Morris attempted to remove the cuffs, which caused the cuffs to tighten. Plaintiff complained of pain, so he was escorted to medical. Plaintiff was still wearing restraints, so the deputies assisted him onto the exam table, but they used no force. After medical staff completed an exam, the deputies escorted Plaintiff back to his cell. Melvin specifically denies that he, Morris, or any other person struck Plaintiff during these events.

Deputy Morris states that the deputies located a battery from a tablet during the cell search. He explains that batteries are contraband because they get hot when the positive and negative are connected, and they are used to start fires. Morris states that, when he was removing Plaintiff's handcuffs, Plaintiff jerked away and caused the cuffs to tighten. He and Deputy Melvin escorted Plaintiff to medical to be checked, then returned him to segregation. "No other force was used."

Neither the complaint nor Defendants' motion states whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident. Accordingly, it will be assumed that plaintiff was a pretrial detainee, which entitles him to a lesser burden to establish a claim. The claims of a pretrial detainee are governed by the Due Process Clause, rather than the Eighth Amendment that applies to claims by convicted prisoners. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Objective reasonableness turns on the facts and circumstances of each particular case, and a court must make the determination from the perspective of a reasonable officer on the

scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. Id.

Defendants have moved for summary judgment on the excessive force claim. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

Defendants, through the statements offered by the deputies, met their burden of presenting evidence that they believe demonstrates the absence of a genuine dispute of material fact with respect to an excessive force claim. The burden then fell to Plaintiff to demonstrate the existence of a genuine dispute of a material fact. Plaintiff has presented nothing in response to the motion, so he has not met his burden. The only competent summary judgment evidence, that presented by Defendants, does not allow a finding that objectively unreasonable force was purposely or knowingly used against Plaintiff. Defendants are entitled to summary judgment on the merits. Jones v. Anderson, 721 Fed. Appx. 333 (5th Cir. 2018) (affirming summary judgment on prisoner's excessive force claim when he presented no competing competent evidence); Turner v. Baird, 707 Fed. Appx. 290 (5th Cir. 2017) (affirming summary judgment on prisoner's various claims

when the only competent evidence came from the defendants). Defendants' exhaustion and qualified immunity defenses are preserved to them should a reviewing court disagree, but there is no need to address them given the recommended disposition on the merits.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 16) be granted and that all claims against all defendants be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of September, 2021.

Mark L. Hornsby
U.S. Magistrate Judge